UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SAM MONET,<br><br>       Plaintiff,<br><br>   vs.<br><br>STATE OF HAWAII, SHARON MORIWAKI, EDWARD UNDERWOOD, GORDON WOOD, ATTORNEY GENERAL STATE OF HAWAII, UNITED STATES OF AMERICA OFFICE OF INSPECTOR GENERAL, AND DOE DEFENDANTS 1-20,<br><br>       Defendants. | CIV. NO. 21-00368 LEK-KJM |

**ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER FILED 10-31-2023 AND
<u>DENYING PLAINTIFF'S SECOND MOTION FOR JUDICIAL DISCLOSURE</u>**

On October 31, 2023 this Court filed the Order: Denying Plaintiff's Motion for Partial Summary Judgment as to Count V; Granting Defendant Gordon Wood's Motion for Summary Judgment; and Granting Defendant Edward Underwood's Motion for Summary Judgment ("10/31/23 Order"). [Dkt. no. 158.[1]] On November 28, 2023, pro se Plaintiff Sam Monet ("Plaintiff") filed his motion for reconsideration of the 10/31/23 Order ("Motion for Reconsideration").[2] [Dkt. no. 161.] The Motion for

---

[1] The 10/31/23 Order is also available at 2023 WL 7166479.

[2] This Court previously granted Plaintiff an extension of the deadline to seek reconsideration of the 10/31/23 Order. See
(. . . continued)

Reconsideration is suitable for disposition without a hearing and without further briefing. See Local Rule LR7.1(d); Local Rule LR60.1. Plaintiff's Motion for Reconsideration is hereby denied for the reasons set forth below. Further, in light of the denial of the Motion for Reconsideration, Plaintiff's Second Motion for Judicial Disclosure ("Second Disclosure Motion"), [filed 12/4/23 (dkt. no. 163),] is also denied.

## DISCUSSION

The parties and this Court are familiar with the factual and procedural background of this case, and it need not be repeated here.

### I. Standards

Because the 10/31/23 Order was case dispositive, Plaintiff's Motion for Reconsideration is "governed by Fed. R. Civ. P. 59 or 60, as applicable." See Local Rule LR60.1. Because no judgment has been issued in this case, Fed. R. Civ. P. 60 applies. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Rule 60(b) states, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final . . . order, or proceeding for

---

Minute Order – EO: Court Order Granting Plaintiff's Motion to Extend Time to File Motion for Reconsideration, filed 11/9/23 (dkt. no. 160) (extending the deadline from 11/14/23 to 11/28/23).

the following reasons: . . . or (6) any other reason that justifies relief." The Ninth Circuit has stated:

> We use Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). To receive relief under Rule 60(b)(6), a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." [Cmty. Dental Servs. v.] Tani, 282 F.3d [1164,] 1168 [(9th Cir. 2002)] (citing Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam)).

Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (some alterations in Lal).

As to motions for reconsideration in general, this district court has stated:

> A motion for reconsideration must: (1) demonstrate reasons that the court should reconsider its prior decision; and (2) must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Fisher v. Kealoha, 49 F. Supp. 3d 727, 734 (D. Haw. 2014). The Ninth Circuit has said that reconsideration may be appropriate if: (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).
>
> Mere disagreement with a previous order is an insufficient basis for reconsideration. Fisher, 49 F. Supp. 3d at 735. This court "'enjoys considerable discretion in granting or denying the motion.'" Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011)

3

>      (quoting McDowell v. Calderon, 197 F.3d 1253,
>      1255 n.1 (9th Cir. 1999) (en banc)).

Smith v. Frink, Civil No. 20-00377 SOM-RT, 2020 WL 7130511, at *2 (D. Hawai`i Dec. 4, 2020).

## II. Scope of the Motion for Reconsideration

The Motion for Reconsideration includes arguments that it was error to: deny him the opportunity to file a third amended complaint; grant immunity to Defendants Senator Sharon Moriwaki ("Moriwaki") and State of Hawai`i Attorney General, in her official capacity ("Attorney General"); and deny his motion to disclose any ex parte communications with former Attorney General Clare Connors.[3] See, e.g., Motion for Reconsideration at 11, 31, 35. To the extent that Plaintiff seeks reconsideration of those rulings, his requests are denied as untimely.

### A. Third Amended Complaint

On August 12, 2022, the magistrate judge issued an Order Granting in Part and Denying in Part Plaintiff's Motion for Leave to File Third Amended Complaint ("8/12/22 Order").

---

[3] Clare Connors was the Attorney General at the time of the events that were the basis of Plaintiff's claims in this case, and Plaintiff originally named Clare Connors, in her official capacity, as a defendant in this case. See Complaint for Declaratory, Compensatory and Injunctive Relief, and Civil Penalties, filed 8/30/21 (dkt. no. 1), at ¶¶ 149, 172. By the time Plaintiff filed his First Amended Complaint, Clare Connors was no longer the Attorney General, and Plaintiff named "Defendant Attorney General State of Hawaii" as a party instead. See First Amended Complaint, filed 2/11/22 (dkt. no. 36), at ¶ 27 (emphasis omitted).

4

[Dkt. no. 74.] Plaintiff filed his Third Amended Complaint on August 22, 2022. [Dkt. no. 75.] The magistrate judge struck the Third Amended Complaint because Plaintiff did not comply with the terms of the 8/12/22 Order, but allowed Plaintiff to file another third amended complaint by September 15, 2022. [EO, filed 9/9/22 (dkt. no. 80).] Plaintiff filed another Third Amended Complaint on September 13, 2022. [Dkt. no. 82.] Because that version also failed to comply with the 8/12/22 Order, it was also stricken, and the magistrate judge denied Plaintiff leave to file another version of the third amended complaint. See Order Granting Defendants Edward Underwood and Gordon Wood's Motion to Strike Third Amended Complaint Filed September 13, 2022, filed 9/29/22 (dkt. no. 87) ("9/29/22 Order"). [Dkt. no. 87.] This left Plaintiff's Second Amended Complaint, [filed 6/25/22 (dkt. no. 65),] as the operative pleading. See 9/29/22 Order at 5.

Because the magistrate judge's 9/29/22 Order was a nondispositive order, Local Rule 60.1 applies. See Local Rule LR60.1 (setting forth the grounds upon which a motion for reconsideration of an interlocutory order may be brought). A motion for reconsideration alleging "[m]anifiest error of law or fact" must be brought "within fourteen days after the court's

5

order is issued."[4] Id. Because Plaintiff filed the instant Motion for Reconsideration more than fourteen days after the filing of the 9/29/22 Order, the request for reconsideration of the 9/29/22 Order is untimely. Similarly, even if that portion of the Motion for Reconsideration is construed as an objection to the 9/29/22 Order, it is also untimely. See Local Rule 74.1(a) ("a party may object to a magistrate judge's non-dispositive order . . . within fourteen (14) days after being served").

    **B.**    **Dismissal of Moriwaki and the Attorney General**

Plaintiff's claims against Moriwaki, in her individual capacity, and the Attorney General were dismissed with prejudice. [Order Granting in Part and Denying in Part the State Defendants' Motion to Dismiss [036] First Amended Complaint Filed February 11, 2022, filed 5/31/22 (dkt. no. 62) ("5/31/22 Order"), at 38.[5]] Plaintiff's arguments in the instant Motion for Reconsideration regarding the dismissal of Moriwaki and the Attorney General are based upon alleged errors of law and fact. See, e.g., Motion for Reconsideration at 31. He was therefore required to seek reconsideration within fourteen days after the

---

[4] The fourteen-day filing period does not apply to motions for reconsideration asserting there is newly discovered evidence or an intervening change in the law. See Local Rule LR60.1. Plaintiff's Motion for Reconsideration, however, does not identify any newly discovered evidence or change in the law regarding the filing of his third amended complaint.
[5] The 5/31/22 Order is also available at 2022 WL 1748442.

6

5/31/22 Order was filed. Because Plaintiff failed to do so, the portion of the Motion for Reconsideration challenging the dismissal of Moriwaki and the Attorney General is denied as untimely.

    C.    **Disclosure Motion**

On May 17, 2023, Plaintiff filed a Motion for Judicial Disclosure of Ex Parte Communications and Request for In-Person Hearing ("Disclosure Motion"). [Dkt. no. 136.] The magistrate judged denied the Disclosure Motion in an entering order filed on May 23, 2023 ("5/23/23 EO"). [Dkt. no. 140.] The Motion for Reconsideration's arguments regarding the denial of his Disclosure Motion are based upon alleged errors of law and fact. See, e.g., Motion for Reconsideration at 34. Because Plaintiff failed to either seek reconsideration of the 5/23/23 EO or appeal within fourteen days after it was served, the portion of the Motion for Reconsideration challenging the 5/23/23 EO is denied as untimely.

    D.    **Summary**

The only timely requests for reconsideration or appeals in Plaintiff's Motion for Reconsideration are his requests for reconsideration of rulings in the 10/31/23 Order. Any requests for reconsideration or appeals presented in the Motion for Reconsideration that address any order prior to the 10/31/23 Order - including any requests for reconsideration or

7

appeals not specifically mentioned in this Order - are denied as untimely.

### III. Requests for Reconsideration of the 10/31/23 Order

Plaintiff argues there has been "[f]raud upon the Court," and that "new evidence is available[.]" [Motion for Reconsideration at 1.] However, Plaintiff does not identify any new evidence, and instead he cites exhibits that are already available to this Court when it issued the 10/31/23 Order. Cf. Motion for Reconsideration at 23 ("All of this filed documentation was available to this court . . . ."). Plaintiff also presents no evidence of fraud. He merely speculates that Defendant Edward Underwood ("Underwood") lied in his declaration, see id. at 5, but he does not provide any evidence to support that allegation. Plaintiff also states he "dispute[s] the factual accuracy of Paragraphs 7(a), 7(b), 7(c), 9(b), and 10 of Corey Fujioka's declaration." [Id. at 12.] The 10/31/23 Order acknowledged there were some disputes of fact and that this Court could not weigh the credibility of the conflicting statements on summary judgment. This Court granted summary judgment to Underwood and Defendant Gordon Wood ("Wood"), concluding that, even viewing the record in the light most favorable to Plaintiff as the nonmoving party, Underwood and Wood were entitled to judgment as a matter of law. See, e.g., 10/31/23 Order 38-39 & n.18. Plaintiff's Motion for

8

Reconsideration does not establish either fraud upon the Court or the existence of newly discovered evidence.

Plaintiff raises other unsubstantiated arguments, including that: the 10/31/23 Order was not written by this Court and was instead generated using artificial intelligence; and the 10/31/23 Order is evidence of systemic corruption and racism. See, e.g., id. at 2, 31-35. These baseless allegations do not constitute grounds for reconsideration of the 10/31/23 Order. Plaintiff's arguments regarding the grant of summary judgment in favor of Underwood and Wood merely express Plaintiff's disagreement with this Court's rulings, and his disagreement is not grounds for reconsideration of the rulings in the 10/31/23 Order. See Fisher, 49 F. Supp. 3d at 735.

## IV. Summary and the Second Disclosure Motion

Plaintiff has failed to establish any ground that warrants reconsideration of the 10/31/23 Order, and he has failed to raise a timely challenge to the other orders that he addresses in the Motion for Reconsideration. The Motion for Reconsideration must therefore be denied in its entirety. In light of the denial of the Motion for Reconsideration, there are no remaining claims in this case, and Plaintiff is not entitled to any disclosures. Plaintiff's Second Disclosure Motion must also be denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's November 28, 2023 Motion for Reconsideration of Order Filed 10-31-2023 is HEREBY DENIED. In light of the denial of Plaintiff's Motion for Reconsideration, Plaintiff's Second Motion for Judicial Disclosure, filed December 4, 2023, is also DENIED.

There being no remaining claims in this case, the Clerk's Office is DIRECTED to enter judgment and close the case immediately. Judgment is to be entered as follows:

-in favor of Defendants Edward Underwood and Gordon Wood, pursuant to the Order: Denying Plaintiff's Motion for Partial Summary Judgment as to Count V; Granting Defendant Gordon Wood's Motion for Summary Judgment; and Granting Defendant Edward Underwood's Motion for Summary Judgment; [filed 10/31/23 (dkt. no. 158)];

-in favor of Defendants Senator Sharon Moriwaki and Attorney General of the State of Hawai`i, pursuant to the Order Granting in Part and Denying in Part the State Defendants' Motion to Dismiss [036] First Amended Complaint Filed February 11, 2022; [filed 5/31/22 (dkt. no. 62);] and

-in favor of Defendants State of Hawai`i, Hawai`i Department of Land and Natural Resources, and Division of Conservation and Resources Enforcement, pursuant to the Order Granting Defendants' Motion to Dismiss [001] Complaint Filed August 30, 2021, [filed 1/11/22 (dkt. no. 33)].

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 5, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**SAM MONET VS. STATE OF HAWAII, ET AL; CV 21-00368 LEK-KJM; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER FILED 10-31-2023 AND DENYING PLAINTIFF'S SECOND MOTION FOR JUDICIAL DISCLOSURE**